IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVE CAMPBELL,            Case No. 3:20-cv-01769-SB

        Plaintiff,            **ORDER**

v.

UNITED STATES OF AMERICA,

        Defendant.

**Hernández, District Judge.**

Plaintiff Dave Campbell ("Campbell"), a self-represented litigant proceeding *in forma pauperis*, filed a motion for a preliminary injunction (ECF No. 11) and a motion for an order, both requesting that this Court establish a new governmental agency to address the needs of homeless individuals. (ECF No. 12.) For the reasons that follow, the Court denies both motions.

## LEGAL STANDARDS

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Federal courts are courts of limited jurisdiction, limited to deciding cases or controversies. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 654 (9th Cir. 2002). Before seeking injunctive relief, a plaintiff first must file a complaint with the Court. *See Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

## DISCUSSION

This Court dismissed Campbell's original complaint on November 19, 2020, and granted Campbell leave to file an amended complaint by December 23, 2020. (ECF No. 7.) Campbell has not filed an amended complaint, and therefore there is no operable complaint on file in this action. As a result, there is no case or controversy pending before the Court, and the Court lacks subject matter jurisdiction over this matter. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (holding that the court lacks subject matter jurisdiction over a suit without a case or controversy).

In addition, although Campbell proposes a worthy idea for a new governmental agency to address the needs of individuals without a home, the power to establish agencies is vested in Congress, not the Courts. *See Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 500 (2010) ("Congress has plenary power over the salary, duties, and even the existence of executive offices."); *La. Pub. Serv. Comm'n v. FCC,* 476 U.S. 355, 374 (1986) ("[A]n agency literally has no power to act . . . unless and until Congress confers power upon it."); *Myers v. U.S.*, 272 U.S. 52, 129 (1926) ("To Congress under its legislative power is given the establishment of offices, the determination of their functions and jurisdiction, the prescribing of

PAGE 2 – ORDER

reasonable and relevant qualifications and rules of eligibility of appointees, and the fixing of the term for which they are to be appointed and their compensation[.]") Therefore, even if Campbell could meet the standards for preliminary injunctive relief, this Court does not have the authority to order the formation of a new governmental agency.

## CONCLUSION

For the reasons stated, the Court DENIES Campbell's motion for a preliminary injunction (ECF No. 11), and DENIES his motion for an order establishing a new governmental agency. (ECF No. 12.)

DATED this 11th day of December, 2020.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

PAGE 3 – ORDER